DETROIT STEEL PRODUCTS CO. v. BERNHEIMER & SCHWARTZ
PILSENER BREWING CO.

(Supreme Court, Appellate Term, First Department.    March 4, 1915.)

SALES (§ 442*)—COUNTERCLAIM—BREACH OF WARRANTY—MEASURE OF RECOV-
ERY.

Where a buyer does not rescind the purchase, but retains the article,
he cannot recover, by counterclaim for breach of warranty of fitness for
purpose, the purchase price of the article, but can recover only the proved
difference between the value of the article as warranted and as it
actually is.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec.
Dig. § 442.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Detroit Steel Products Company against the Bernheimer & Schwartz Pilsener Brewing Company.    Judgment for defendant, and plaintiff appeals.    Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Frueauff & Robinson, of New York City (Robert Burns, of counsel), for appellant.

Rose & Paskus, of New York City (Norman P. S. Schloss, of New York City, of counsel), for respondent.

GUY, J.    Plaintiff appeals from a judgment entered by direction of the court in favor of the defendant, after a trial without a jury, in an action to recover the value of work, labor, and services.    Defendant admitted plaintiff's cause of action, but set up in its answer a counterclaim for damages resulting from alleged breach of warranty in connection with a previous sale by plaintiff to defendant of a quantity of amber glass to be used by defendant, in its business of manufacturing or brewing beer, to shade the product in process of manufacture or brewing from the sun's rays.

The evidence shows that plaintiff did not manufacture or deal in such glass, but accepted defendant's order for same, and was notified of the purpose for which it was to be used.    Defendant's representative, when called as a witness, stated that plaintiff's representative agreed to send a glass man to him, and that he said he would be governed by the judgment of the glass man in selecting the glass; that subsequently the glass man waited upon him with various samples, from which he selected a glass which the glass man assured him would answer the purpose for which it was to be used, and said glass was subsequently delivered to defendant, and billed to defendant by plaintiff.    The defendant introduced testimony tending to show that, after the glass was delivered and put in use, it began to fade and continued fading until it became useless for the purpose for which it was purchased, though it appears that, instead of rescinding the contract of purchase and returning the glass to plaintiff, defendant has retained

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same and continued to use it. Plaintiff denied that the glass had faded, and offered testimony tending to show that it conformed to the sample submitted to defendant's representative. This issue of fact was determined by the trial judge in favor of the defendant. Plaintiff appellant contends, however, that the glass man was not the agent of plaintiff, but that it was well understood that plaintiff was merely ordering the glass through him at the request of the defendant.

The evidence, on the whole, would indicate that, though an independent dealer in glass and not in the general employ of the plaintiff the glass man was the agent of the plaintiff for the purposes of that particular transaction, and that the sample upon which the defendant purchased the glass in question must be ·deemed the sample of the plaintiff. Had the defendant, therefore, proven by competent evidence both ,the breach of warranty and the extent of the damage resulting to it from such breach, the defendant would have been entitled to have the amount of its damage deducted from the amount of plaintiff's claim; but the defendant introduced no competent proof of damage, merely insisting that the glass was of no value to it for the purpose for which it was bought. While, if there was a breach of warranty, the defendant would have been entitled to recover the purchase price, had it rescinded the contract and tendered back the glass to plaintiff, the purchase price is not the proper measure of damage where the article sold was and still is retained by the purchaser. The proper measure of damage in the latter event is the difference between the value of the article sold as represented and the value of the article actually delivered to and retained by the defendant. In the entire absence of proof on this point, it was error for the trial judge to direct judgment in favor of the defendant.

The judgment must therefore be reversed as against the evidence, and a new trial ordered, with costs to the appellant to abide the event All concur.